UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **ALAMO IRON WORKS, INC.,** *et al*.[1] | § | **Case No. 10-51269-RBK** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**DEBTORS' APPLICATION TO EMPLOY
SNELL & SNELL, L.P. AS SPECIAL LITIGATION COUNSEL
PURSUANT TO 11 U.S.C. § 328(a) ON A CONTINGENT FEE BASIS**

**TO THE HONORABLE RONALD B. KING, CHIEF BANKRUPTCY JUDGE:**

NOW COME Alamo Iron Works, Inc. Southwest Wholesale Supply Co., Inc., Alamo Advertising, Inc. and AlaMark Technologies, L.P (collectively, the "Debtors"), debtors in the above referenced jointly administered cases, and file this Application to Employ Snell & Snell, L.P., as Special Litigation Counsel Pursuant to 11 U.S.C. § 328(a) on a contingent fee basis (the "Application").

**I. JURISDICTION**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Section 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**II. BACKGROUND**

3. The Debtors filed for Chapter 11 bankruptcy protection on April 5, 2010 (the "Petition Date") in the Western District of Texas, San Antonio Division.

---

[1] Debtors are the following entities: Alamo Iron Works, Inc., Southwest Supply Co., Inc. Alamo Advertising, Inc. and AlaMark Technologies, L.P.

4. No trustee or examiner has been appointed in these cases. The Debtors continue to operate their businesses and manage their respective properties as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

### III. PROPOSED SPECIAL LITIGATION COUNSEL

6. The Debtor seek court approval pursuant to Bankruptcy Code Section 327(e) to employ the Snell & Snell, L.P. law firm to serve as special litigation counsel to the Debtors in connection with claims currently pending against Praxair Distribution, Inc. Under this Application, Snell & Snell, L.P. will render professional services including, but not limited to the lawsuit currently pending in the 150th Judicial District Court of Bexar County Texas, styled *Alamo Iron Works, Inc. vs. Praxair Distribution, Inc.* and assigned Cause No. 2009-CI-04254. A copy of the lawsuit is attached hereto as Exhibit "A".

7. Snell & Snell, L.P. is located at 8626 Tesoro Drive, Suite 500, San Antonio, Texas 78217; telephone: (210) 824-3278; telecopy: (210) 824-3937; E-mail: bsnell@bsklaw.com. The Snell Law Firm has been retained because of its special expertise in the area of civil litigation.

8. The employment of Snell & Snell, L.P. is required at this time to pursue the pending claims against Praxair and to preserve assets of these bankruptcy estates. The Debtors have requested that Snell & Snell, L.P. pursue the claims on the terms stated herein. Snell & Snell, L.P. already has knowledge regarding the claims against Praxair related to damages sustained by Alamo Iron Works related to the purchase by Alamo Iron Works from Praxair of a defective cutting machine. Snell & Snell, L.P. is willing to pursue the claims against Praxair on terms that had been agreed upon by the Debtors prepetition. A copy of the pre-petition Employment Agreement between Alamo Iron Works and Snell & Snell, L.P. is attached hereto as Exhibit "B".

9. Barry Snell of Snell & Snell, L.P. will be designated as attorney-in charge and will be responsive for the representation of the Debtors as set forth in this Application. Mr. Snell will be assisted in the representation by his partner, David C. "Clay" Snell.

10. As can be seen from the Curriculum Vitae attached hereto as Exhibit "C", Barry Snell has more than 37 years of practice in the area of civil trial law. Mr. Snell is a member of various professional organizations and is admitted in the Western District of Texas. Mr. Snell is board certified in civil trial law by the Texas Board of Legal Specialization. The Debtors believe that Mr. Snell and the law firm of Snell & Snell, L.P. are well qualified to represent the Debtors.

11. Section 328(a) of the Bankruptcy Code provides: "... The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

12. The Debtors believe that Snell & Snell, L.P. possesses the requisite resources and is both highly qualified and uniquely able to pursue the matters stated herein.

## Compensation

13. The fees for the services rendered by Snell & Snell, L.P. in this matter are on a contingent fee basis, as set forth in the Employment Agreement attached hereto as Exhibit "B".

## Disinterest of Applicant

14. To the best of the Debtors' knowledge, Snell & Snell, L.P. and its members and associates do not have any connection with the Debtors, their creditors, or any other party in interest, or their respective counsel, and do not represent or hold any interest adverse to the Debtors or to their estates with respect to the matters on which Snell & Snell, L.P. is to be employed.

## Applicable Authority

15. The Bankruptcy Code authorizes a debtor in possession, with the Court's approval, to "employ for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney to be rendered does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed" 1 I U.S.C § 327(e). Such approval has been frequently granted by courts in this district and elsewhere in Texas. See, e.g., In re Symphony Society of San Antonio, Case No 03-53720 (LMC) (Bankr. W.D. Tex. July 24, 2003) (granting application to employ law firm as special counsel); In re Mirant Corp., Case No. 03-46590 (DML) (N.D. Tex. Sept 24, 2003) (granting application to employ law firm as special counsel to the debtors); In re EOTT Energy Partners, L.P., Case No. 02-21730 (RSS) (Bankr. S.D. Tex. October 9, 2002) (granting application to employ law firm as special litigation counsel); In re Coho Energy, Case No. 02-31189 (BJH) (Bankr. N.D. Tex. Feb. 22, 2002) (granting application to retain attorney as special counsel to the debtors); In re Sterling Chem. Holdings, Inc., Case No. 01-37805 (WRG) (Bankr. S.D. Tex. July 16, 2001) (granting application to retain attorney as special employee benefits counsel); In re Paracelsus Healthcare Corp., Case No. 00-38590 (KKB) (Bankr. S.D. Tex September 15, 2000) (granting two applications to retain law firms as special counsel to the debtors).

16. The Debtors submit that the employment of Snell & Snell, L.P. on the terms and conditions set forth herein is in the best interest of the Debtors, their creditors, and all parties in interest.

17. There are hearings in this case currently set for April 13, 2010 at 10:00 a.m. and Debtors request that this matter set at the same date and time.

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request after notice and hearing the Court enter an Order authorizing and approving the employment of Snell & Snell, L.P. as special litigation counsel for the Debtors on the terms set forth herein and such other and further relief as is just and proper.

Dated: April 7, 2010

    Respectfully submitted,

    LANGLEY & BANACK, INCORPORATED
    Suite 900, Trinity Plaza II
    745 East Mulberry
    San Antonio, TX 78212-3166
    Telephone: (210)-736-6600
    Fax: (210) 735-6889

    By: _____
    DAVID S. GRAGG
    Texas Bar No. 08253300
    STEVEN R. BROOK
    Texas Bar No. 03042300
    ALLEN DeBARD
    Texas Bar No. 24065132

    **ATTORNEYS FOR THE DEBTORS**
    **AND DEBTORS-IN-POSSESSION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Application** was forwarded by e-mail, fax transmission, and/or U.S. First Class Mail on this 7th of April, 2010, to the parties on the Debtors' Limited Service List.

_____
DAVID S. GRAGG

2009CI04254

FILED
DISTRICT CLERK
BEXAR CO. TEXAS
2009 MAR 12 PM 2:18
DEPUTY
BY_____

CAUSE NO. _____

| | | |
|---|---|---|
| ALAMO IRON WORKS, INC. | * | IN THE DISTRICT COURT |
| VS. | * | 150th JUDICIAL DISTRICT |
| PRAXAIR DISTRIBUTION, INC. | * | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

This suit is brought by Alamo Iron Works, Inc. against Praxair Distribution, Inc. for breach of express and implied warranties in connection with sale of a metal cutting machine on the following grounds:

### Discovery

1. Discovery is intended to be conducted pursuant to Tex. R. Civ. P. Rule 190.4 (Level 3).

### Parties

2. Plaintiff Alamo Iron Works, Inc. is a Texas Corporation with its principal place of business in San Antonio, Bexar County, Texas.

3. Defendant Praxair Distribution, Inc. is a foreign corporation doing business within the State of Texas which may be served with process by serving its Registered Agent, Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

### Jurisdiction and Venue

4. This suit is based on breaches of warranties by Defendant as to a metal cutting machine sold and installed by Defendant in Plaintiff's place of business in San Antonio, Bexar


EXHIBIT A

County, Texas. Plaintiff's cause of action arises primarily in San Antonio, Bexar County, Texas. Jurisdiction and venue are proper in the District Court of Bexar County, Texas.

### Factual Background

5. Plaintiff is in the business, among other things, providing highly technical, custom metal cutting services and specially fabricated metal components to its customers. Defendant is the North American distribution arm of Praxair, Inc., a multi-billion dollar global corporation which, among many other things, manufactures specialized metal cutting machinery, which utilize gas products manufactured or supplied by Praxair, Inc.

6. On March 29, 2007, Defendant sold Plaintiff a Praxair P-5000 DR cutting machine and agreed to provide services in installing the machine at Plaintiff's facility in San Antonio, Bexar County, Texas and in training Plaintiff's personnel as to the use and operation of the machine.

7. At the time Defendant sold Plaintiff the machine, Defendant's personnel had visited Plaintiff's facility and were well familiar with Plaintiff's business and intended usage of the machine. Defendant touted the machine to Plaintiff and repeatedly assured Plaintiff that it would perform its intended metal cutting functions in manner far superior to the equipment Plaintiff was currently using.

8. From the installation process on, numerous technical failures, difficulties and shortcomings have become apparent concerning the machine. The installation specifications provided by Defendant were inaccurate, requiring remanufacturing and modification of certain of the installation structure which Plaintiff provided in accordance with Defendant's instructions. Numerous difficulties were incurred in getting the machine properly installed and

up and running. Once the machine was installed and began running, it has been beset with numerous and repeated breakdowns and failures. The machine has proved to be incapable of performing its intended function and has proved itself to be virtually useless to Plaintiff. Worse than being useless, the repeated breakdowns and failures of the machine have caused Plaintiff to have to subcontract much of its customers' work at considerable added expenses, and has also caused Plaintiff to lose many of its valuable customers due to Plaintiff's inability to produce the products desired by such customers because of the machine's repeated failings.

### First Cause of Action – Breach of Express Warranty

9. Defendant breached its express warranties made in connection with the sale of the machine. Plaintiff has given Defendant numerous opportunities to correct the defects in the machine, but has been unwilling or unable to do so. Plaintiff has sustained damages in a sum in excess of the minimum jurisdictional limits of the court for which Plaintiff sues.

### Second Cause of Action – Breach of Implied Warranty of Fitness for Particular Purpose

10. Defendant was at all times aware that Plaintiff was buying the machine for the particular purpose of fabricating and cutting metal pieces. Plaintiff was relying on Defendant's skill or judgment and knowledge concerning its machine to select a machine that was fit for Plaintiff's purpose. The Defendant delivered a machine that was unfit for Plaintiff's purpose and thereby breached the implied warranty of fitness for a particular purpose. Plaintiff notified the Defendant of its breach, but Defendant has failed and refused to correct it. As a result of the breach, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of the court for which it sues.

### Third Cause of Action –
### Breach of Implied Warranty of Merchantability

11. Defendant is a merchant in regard to the machine sold to Plaintiff. The machine as sold by Defendant was unmerchantable. Plaintiff has notified Defendant of this breach, but Defendant has failed and refused to correct it. As a direct result, Plaintiff has suffered damages in a sum in excess of the minimum jurisdictional limits of the court for which it sues.

### Fourth Cause of Action – Revocation of Acceptance

12. The cutting machine sold to Plaintiff by Defendant does not conform to Defendant's description of the machine's capabilities or uses and benefits. To the extent Plaintiff discovered that the machine was nonconforming when it was delivered, Plaintiff accepted it on the reasonable assumption that the nonconformities would be cured by Defendant, but they have not been seasonably cured. The full extent of the machine's nonconformance was impossible to discover, because it was not until the machine was placed into service and until repeated attempts were made that it became apparent that the machine could not and would never perform its intended function. Accordingly, Plaintiff invokes its rights under Tex. Bus. & Comm. Code Ann. §2.608 to revoke its acceptance of the goods, tenders the return of the machine to Defendant, demands the return of its full purchase price with interest, together with all of Plaintiff's expenses, lost profits, lost customers, loss of goodwill and other consequential damages for all of which Plaintiff sues.

### Damages

13. Plaintiff has been substantially damaged by its purchase of the defective and worthless machine from Defendant. Plaintiff's damages include, but are not limited to, damages for the difference in value of the machine as is and as represented, damages for employee time and expense during down times in which the machine has been broken and under repair, damages for the cost of repairs, lost profits, lost customers, damages incurred in subcontracting cutting work to other companies in order to prevent the loss of customers, loss of goodwill, attorneys fees as damages, and other direct and consequential damages, for all of which Plaintiff sues.

### Conditions Precedent

14. All conditions precedent to Plaintiff's recovery have occurred or have been performed.

### Request for Disclosure

15. Plaintiff hereby requests that Defendant provide and disclose the information required by Tex. R. Civ. P. Rule 194.1 within fifty (50) days of the service of this Petition. Defendant is hereby notified as follows:

> **"Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this Request, the information or material described in Rule 194.2."**

### Request for Relief

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer herein, for an early trial by jury, and upon trial for damages and other relief as herein requested, together

with pre-judgment and post-judgment interest, attorney fees for trial and appeal, costs of court and general relief.

Respectfully submitted,

Bayne, Snell & Krause
8626 Tesoro Drive, Suite 500
San Antonio, Texas 78217
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

By: *[signature]*
Barry Snell
State Bar No. 18789000

Adams & Flake, Inc., Inc.
1001 Pat Booker Rd., Suite 200
Universal City, Texas 78148

By: *[signature]* (with permission)
Harry B. Adams, III
State Bar No. 00889000
Attorneys for Plaintiff

# EMPLOYMENT AGREEMENT

1.     __Alamo Iron Works__ (Client) hereby employs Snell & Snell, L.P. (Attorneys) to represent it in the claims that it may have against __Praxair__ or any other persons or entities arising out of a claim for _damages and/or rescission for defective cutting machine_ .

2.     Client agrees to pay Attorneys as fees for this representation 33 1/3% of any amount received by settlement or recovery and to secure this payment Client assigns Attorneys a 33 1/3 undivided interest in Client's cause of action. Any attorneys' fees awarded by any court shall be included as "recovery" for purposes of computing the 33 1/3% attorney fee.

3.     Attorneys shall advance all court costs and other necessary expenses other than expert witness fees. Client shall advance reasonable and necessary expert witness fees; however, Attorneys shall not engage any expert witnesses without Client's prior approval.

4.     All costs and necessary disbursements incurred by Attorneys or Client in prosecution of this case are to be deducted from any settlement or recovery and reimbursed to the party incurring such cost prior to application of the above percentage of attorneys' fees.

5.     If at any time my Attorneys determine that it is not economically feasible to pursue this claim, they may return this contract and their file to client, and this contract shall be of no further force or effect, and Client shall not be responsible for the payment of any fees or expenses to Attorneys.

6.     No settlement will be made without Client's consent.

7.     Client authorizes Attorneys to engage attorney Harry B. Adams to assist them in the preparation and prosecution of this case. Attorneys shall be solely responsible for compensating Harry B. Adams for such services.


EXHIBIT B

Signed on this the _11th_ day of _March_, 2009.

ACCEPTED AND AGREED:

_____/s/ Barry Snell_____
Barry Snell
David C. "Clay" Snell
Snell & Snell, L.P.
State Bar No. 18789000
8626 Tesoro Drive, Suite 500
San Antonio, Texas 78217
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

Alamo Iron Works

By: _/s/ Anthony H. Koch_
Name: _Anthony H. Koch_
Title: _Pres / CEO_

# CURRICULUM VITAE

**Barry Snell**
**Bayne, Snell & Krause**
**8626 Tesoro Drive, Suite 500**
**San Antonio, Texas 78217**
**Telephone: (210) 824-3278**
**Telecopier: (210) 824-3937**

**Personal**:

Born, January 3, 1945 in Atlanta, Georgia
Married
3 Children, 3 Step-Children

**Education**:

B.A., St. Mary's University, May 26, 1968
J.D., St. Mary's University, December 29, 1970 (top 5% of class)

**Licenses**:

State of Texas, April 7, 1971
Supreme Court of Texas, April 10, 1971
United States District Court, Western District of Texas, July 7, 1972
United States Court of Appeals, Fifth Circuit, October 25, 1972
Supreme Court of the United States of America, May 28, 1974

State of Colorado, 1995 (presently inactive)

**Certification**:

Board Certified, Civil Trial Law, Texas Board of Legal Specialization since 1979

**Law Faculty Positions**:

Adjunct Instructor, Consumer Credit, St. Mary's University School of Law, 1975

**Memberships in Professional Organizations**:

State Bar of Texas (Chairman, Consumer Law Section, 1977-1978)
San Antonio Trial Lawyers Association
Texas Trial Lawyers Association
American Trial Lawyers Association



**Professional Experience**:

    Associate, Law Offices of Pat Maloney, 1971-1972
    Bexar County Legal Aid Association, 1972-1975 (Chief Attorney 1973-1975)
    Partner, Bayne, Snell & Krause, L.L.P., 1975-Present
    Partner, Snell & Snell, L.P., 2002-Present

**Other**:

Mr. Snell scored the highest grade in the State of Texas in the December, 1970, State Bar examination. He has specialized exclusively in civil trial law in the State and Federal courts in Bexar County and the State of Texas for over 38 years. Mr. Snell has been Board Certified in Civil Trial Law ever since certification first became available in 1979. Mr. Snell has tried numerous cases to jury verdict, and has handled a substantial number of appeals. He has also handled a number of substantial arbitration proceedings.

Mr. Snell has been chosen as a "Super Lawyer" or "Top Texas Attorney" each year from 2003-2009, described as the top 5% of practicing attorneys in Texas by a survey of his peers conducted by the publishers of Texas Monthly Magazine. He has also been recognized by Texas Monthly Magazine as being among the Top 50 Attorneys in the Central and West Texas Region for the year 2009. He has been chosen for inclusion in the 2009 Edition of "Best Lawyers in America" based on peer selection. He has also been named as one of the top civil trial lawyers in San Antonio by Texas Lawyer Magazine. He enjoys an "A-V" rating in Martindale-Hubbell Law Directory, a nationally recognized legal directory. According to Martindale-Hubbell, the "A-V" rating "shows that a lawyer has reached the height of professional excellence... and is recognized for the highest levels of skill and integrity."

He has served as Special Counsel representing the State Bar of Texas in disbarment proceedings.

He has served as a lecturer at a number of State Bar of Texas Continuing Legal Education Seminars, and has twice been invited to address the annual Judicial Conferences of Texas District and County Judges.

Mr. Snell's practice includes complex business and construction litigation, class action litigation, employment litigation, consumer litigation, personal injury litigation, probate litigation, medical, legal and accounting malpractice litigation, entertainment law litigation, environmental litigation and service as an expert witness in legal malpractice litigation.

His clients include individuals, small businesses, national and international corporations. He has often represented other attorneys as well as members of the judiciary in matters of litigation.